IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP BYRD,

                Petitioner,

v.

CHRIS BUESGEN,

                Respondent.

OPINION and ORDER

24-cv-683-jdp

---

Petitioner Phillip Byrd, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2015 state-court conviction for intentional failure to pay child support. *See State v. Byrd*, Rock County Case No. 2011CF963. I dismissed Byrd's petition for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases, which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." Dkt. 6. I directed Byrd to file an amended petition explaining in detail each of his specific grounds for relief and the facts supporting those grounds. *Id.*

Byrd has submitted an amended petition, explaining in further detail his four grounds for relief, all of which concern the knowingness and voluntariness of his 2015 plea. Dkt. 7. He asks me to also consider the documents he filed in support of his original petition. Dkt. 8. And he moves for a ruling on his petition. Dkt. 10. I will grant Byrd's motions accompanying his amended petition. I will dismiss his petition because it is untimely and he does not qualify for an exception overcoming that untimeliness.

ANALYSIS

Petitions brought under § 2254 are subject to a one-year statute of limitations running from certain specified dates. *See* 28 U.S.C. § 2244(d). The one-year limitation period begins to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(A)–(D). Byrd was convicted in July 2015 and his conviction became final shortly thereafter; Byrd didn't immediately file a postconviction motion or an appeal. *See* Wis. Stat. § 974.02(1); Wis. Stat. § (Rule) 809.30(2)(h). He then waited about nine years to file this habeas petition.

Byrd argues that I should instead calculate his statute of limitations using the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence; I take him to be saying that he was unaware that one of the elements of the offense was his *intentional* failure to pay child support. But Byrd knew the factual underpinnings of this claim at the time of his criminal proceedings. The relevant date under § 2244(d)(1)(D) is "when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Understanding the legal significance of his state of mind years later does not restart his habeas clock.

Byrd also argues that his habeas clock should run from the Wisconsin courts' denial of his 2021 motion for postconviction relief. *See State v. Byrd*, 2024 WI App 25, 6 N.W.3d 277, *review denied*, 2024 WI 40 (Sept. 11, 2024). That's incorrect; habeas petitions are challenges to a prisoner's underlying conviction or sentence. And postconviction motions filed after the limitations period runs do not reset the habeas clock. *De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant"). Byrd's petition in this court is untimely.

Petitioners can overcome untimeliness in two ways. First, Byrd could show that he is entitled to equitable tolling. To receive equitable tolling, he must show that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Because Byrd contends that his plea wasn't knowing or voluntary, it's possible he'd argue that his counsel's ineffective assistance blocked him from seeking postconviction relief or an appeal earlier. But that ineffectiveness doesn't qualify for equitable tolling. *See, e.g., Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021).

Second, Byrd could show that he is entitled to an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). But the standard for this type of exception "is demanding and permits review only in the 'extraordinary' case." *Blackmon v. Williams*, 823 F.3d 1088, 1100–01 (7th Cir. 2016). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In the plea context, the relevant material is the factual basis for the plea. *Bousley v.*

3

*United States*, 523 U.S. 614, 624 n.3 (1998). The petitioner must "persuade the district court that it is 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *Schlup*, 513 U.S. at 327).

Byrd doesn't make a direct actual-innocence argument under *Schlup* and *Bousley*, but I do take him to assert that he is innocent because he didn't intentionally fail to pay child support. Nonetheless he doesn't suggest that there is the type of striking new evidence that would be necessary to show that he was actually innocent of the offense. So I will dismiss Byrd's petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Byrd a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to consider the documents he filed in support of his original petition, Dkt. 8, is GRANTED.

2. Petitioner's motion for a ruling, Dkt. 10, is GRANTED.

3. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

4. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

5. The clerk of court is directed to enter judgment and close the case.

Entered July 3, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge