IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP BYRD,

                              Petitioner,

  v.                                                                  ORDER

CHRIS BUESGEN,                                            24-cv-683-jdp

                              Respondent.

---

        Petitioner Phillip Byrd, proceeding without counsel, filed a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2015 state-court conviction for intentional failure to pay child support. I dismissed his petition as untimely. Dkt. 13. Byrd has filed a notice of appeal, Dkt. 15, and he moves for leave to proceed on appeal without prepaying the entire filing fee, also known as "in forma pauperis" status, Dkt. 16.

        From Byrd's filings in other cases in this court, I conclude that he qualifies for in forma pauperis status from a financial standpoint. But under 28 U.S.C. § 1915(a)(3), a party is ineligible for in forma pauperis status if the appeal is "not taken in good faith." *See also* Fed. R. App. P. 24(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). This appeal is not in good faith: no reasonable person could suppose that I was incorrect in dismissing Byrd's petition as untimely.

        That means that Byrd cannot proceed with this appeal without prepaying the $605 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Byrd has 30 days from the date of this order to ask the court of appeals

to review this order. Byrd must include with his motion a copy of his affidavit of indigency and a copy of this order.

Byrd also moves for an order directing that the entire appellate filing fee be paid from his prison release account. Dkt. 17. I will deny that motion. With the exception of initial partial payments of filing fees, this court does not have the authority to tell state officials whether a prisoner should be able to withdraw money from a release account. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).

## ORDER

IT IS ORDERED that:

1. Petitioner's motion for leave to proceed without prepayment of the entire appellate filing fee, Dkt. 16, is DENIED.

2. Petitioner motion regarding the use of his release account, Dkt. 17, is DENIED.

Entered July 30, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

2